# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL PERRY,**

          **Plaintiff,**

**-vs-**                                     **Case No. 6:07-cv-1755-Orl-19KRS**

**MODERN HOMETECH, INC.,**
**SCOTT TYRELL,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

> **MOTION:**     **PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 31)**
>
> **FILED:**       March 24, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**     **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(d), FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 32)**
>
> **FILED:**       March 24, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff Michael Perry seeks an order compelling Defendants Modern Hometech, Inc., and Scott Tyrell to respond to Perry's second request for production of documents and awarding sanctions in connection with filing the instant motion to compel pursuant to Fed. R. Civ. P. 37(a). Doc. No. 31.

Perry also seeks an order awarding sanctions pursuant to Fed. R. Civ. P. 37(d)(3) based upon the Defendants' failure to appear for deposition, and either striking Defendants' answer and affirmative defenses or compelling Defendants to appear for deposition. Doc. No. 32.

   A.   *Motion To Compel.*

Perry served Defendants with a second request for production of documents on October 30, 2008. Doc. No. 31 at 2. On December 2, 2008, Perry granted Defendants' request for a fourteen-day extension of time to respond to the request. *Id.* On December 15, 2008, Defendants filed a Notice of Suggestion of Bankruptcy indicating they would be filing bankruptcy petitions in early January 2009. Doc. No. 22. On March 20, 2009, the deadline for the parties to complete discovery,[1] Defendants filed a motion for a two-week extension of time to respond to Perry's second request for production due to the impending bankruptcy. Doc. No. 29. The Court denied the motion and instructed Defendants to either file the bankruptcy petition or proceed with litigation. Doc. No. 30.

To date, Defendants have neither notified that Court that they have filed the bankruptcy petitions nor responded to Perry's request for production. Defendants also have not responded to Perry's motion to compel.

Therefore, Perry's motion to compel is **GRANTED** as unopposed.[2] Accordingly, it is **ORDERED** that on or before May 8, 2009, Defendants shall produce all documents responsive to

---

[1] The discovery deadline was extended until March 20, 2009, pursuant to Court Order granting the parties' joint motion for extension of time to allow them additional time to schedule depositions which they had previously canceled due to the Defendants' anticipated bankruptcy. Doc. Nos. 24, 26. Defendants notified Plaintiff that the expected date of filing bankruptcy was early February 2009. Doc. No. 26 ¶ 4.

[2] The Court excuses the belated filing of the motion after the close of discovery based on Plaintiff's reliance on the representations that Defendants intended to file bankruptcy petitions.

Perry's second request for production of documents. As Defendants failed to respond timely to the discovery request, they have waived all objections except for privilege or legal protections. If any privileges or protections are asserted, it is further **ORDERED** that on or before May 8, 2009, Defendants shall serve a privilege log in the form required by my Standing Order Regarding Privilege Logs. *See* Standing Order Regarding Privilege Logs, found online at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Order.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. Accordingly, it is further **ORDERED** that on or before May 8, 2009, Defendants shall each tender to counsel for Perry the sum of $250.00, for a total of $500.00, to compensate Perry, in part, for the expenses incurred in bringing the instant motion to compel.

### B. Motion for Sanctions.

On March 13, 2009, the parties agreed to conduct the depositions of Modern Hometech, Inc.'s corporate representative and Scott Tyrell on March 20, 2009. Doc. No. 32 ¶ 1. Perry noticed the depositions. Doc. No. 32-2. The corporate representative of Modern Hometech, Inc. and Tyrell failed to appear for their depositions on March 20, 2009, and the court reporter prepared a Certificate of Non-Appearance of Witness. Doc. No. 32-3.

Fed. R. Civ. P. 37(d)(1) provides that if a party or corporate representative fails, after being served with proper notice, to appear for that person's deposition, the Court may order sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) and, instead of or in addition

to these sanctions, the Court must require the party failing to attend the deposition, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified.

Defendants have failed to demonstrate that their failure to attend the depositions was substantially justified and, as of the date of this Order, have not responded to Perry's motion for sanctions. Therefore, Perry's motion for sanctions is **GRANTED** as unopposed.

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 482 (11th Cir. 1982). The standard of review for sanctions imposed under Rule 37 is whether the trial court abused its discretion in imposing sanctions. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). In reviewing the trial court's exercise of discretion, the reviewing court will consider whether "a less drastic but equally effective remedy could have been fashioned." *Aztec Steel Co.,* 691 F.2d at 481-82.

Because the Court has not previously ordered Defendants to comply with their discovery obligations, I find that the request to strike their answers to be too drastic at this stage of the litigation. Accordingly, it is **ORDERED** that a corporate representative of Defendant Modern Hometech, Inc. and Defendant Scott Tyrell shall appear at the office of counsel for Plaintiff at 9:00 a.m. on Friday, May 8, 2009 to be deposed. Failing to appear, the Court will consider all available sanctions including striking the Defendants' answer thereby precluding them from defending themselves in this case.

It is further **ORDERED** that on or before May 8, 2009, Defendants shall each tender to counsel for Perry the sum of $250.00, for a total of an additional $ 500.00, to compensate Perry, in part, for the reasonable expenses incurred by Defendants' failure to appear at the depositions.[3]

**Defendants are cautioned that failure to comply with this Order may result in sanctions, including the entry of default.** *See* **Fed. R. Civ. P. 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] All payments tendered to the Pantas Law Firm, P.A., pursuant to this Order must be deducted against any attorney's fees and costs sought in this case.